UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tyrone Hurt,<br><br>        Plaintiff,<br><br>v.<br><br>Metropolitan Police Department,<br><br>        Defendant. | )<br>)<br>)<br>)   Civil No. 06-738 CKK<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant, Metropolitan Police Department ("MPD"), by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6) and 56, hereby moves that this Honorable Court dismiss the plaintiff's complaint. A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

>*/s/ Dana K. DeLorenzo /s/*
>Dana K. DeLorenzo [468306]
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C. 20001
>(202) 724-6515
>(202) 727-3625 (fax)
>Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2006, a copy of the foregoing Motion to Dismiss or Alternatively, for Summary Judgment, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Tyrone Hurt
461 H Street, NW #517
Washington, DC 20001

>*/s/ Dana K. DeLorenzo /s/*
>Dana K. DeLorenzo
>Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tyrone Hurt,** )<br>)<br>         **Plaintiff,** )<br>) Civil No. 06-738 CKK<br>**v.** )<br>)<br>**Metropolitan Police Department,** )<br>)<br>         **Defendant.** )<br>_____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant, Metropolitan Police Department ("MPD"), by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6) and 56, hereby moves that this Honorable Court dismiss all of the plaintiff's claims for the following reasons: 1) MPD is not a suable entity; 2) the plaintiff has not provided any proof of service on the defendant; 3) the plaintiff's First Amended Complaint is barred by the statute of limitations; 4) the plaintiff's common law claims must be dismissed because he has not provided notice consistent with D.C. Code § 12-309; and 5) the complaint does not comply with F.R.C.P. 8(a).

*BACKGROUND*

The following is what undersigned counsel could decipher from the handwritten documents filed by the plaintiff in this matter: On April 24, 2006, the plaintiff filed the original Complaint in this matter. The named defendant in the original Complaint was MPD 4th District. In the original Complaint, the plaintiff alleged that he had tried to cash a Supplemental Security Income (SSI) check in Washington, DC, when he was harassed, accosted and illegally searched on different occasions by "Defendant," which undersigned counsel presumes to mean an MPD officer. (Complaint at 1-2.) He also alleged that he was accosted by three officers and that one

3

of the officers threatened to lock him up. (*Id.*) Notably, the plaintiff did not provide a date or time frame for these allegations. However, he does provide a copy of a Social Security Administration "Notice of Change in Payment" as an attachment to his Complaint. This Notice, which was dated November 27, 2005, indicates that the new payment in January 2006 was $603.00.

On May 1, 2006, the plaintiff filed an Amended Complaint (hereinafter, "First Amended Complaint"). The named defendant in the First Amended Complaint was MPD 4th District. There, the plaintiff alleged that on August 7, 1995, he went to cash his SSI check when he was "illegally stopped" by defendant, which undersigned counsel presumes to be one or more police officers. (First Amended Complaint at 2.) The plaintiff also allegedly told "said defendants" that he was on parole. (*Id.*) The plaintiff attached to this First Amended Complaint a Certificate of Parole from the District of Columbia Board of Parole, dated August 7, 1995.[1]

On May 8, 2006, the plaintiff filed another Amended Complaint (hereinafter, "Second Amended Complaint"). This time, the named defendant was MPD 3rd District. Without giving any dates, times or places, he alleged that "all law enforcement would continuously violate said Plaintiff's constitutional rights knowing that said Plaintiff-Parolee had served his sentence" imposed by a Superior Court judge. (Second Amended Complaint at 2.)

As of the date the instant motion was filed, the plaintiff did not file any proof of service. The plaintiff did, however, include certificates of service in his filings. In the original Complaint, the certificate of service reads that the plaintiff "sent the foregoing complaint to the U.S. District Court Clerk's office to make service upon the attorneys for the defendants." (Complaint at 3.) The First Amended Complaint contains no certificate of service. The Second

---

[1] Notably, the Certificate of Parole reads that the plaintiff would be paroled on May 21, 1996.

Amended Complaint essentially reiterates that the plaintiff mailed the Second Amended Complaint to the clerk's office "to make service upon the attorneys for the defendants." (Second Amended Complaint at 3.) The Court's electronic court filing docket shows that a summons was issued on May 12, 2006.

Given that the plaintiff is *pro se*, and out of an abundance of caution, the defendant's motion will address the allegations in all three complaints. *See Bradley v. Smith*, 2006 U.S. Dist. LEXIS 25309 *5 (internal citations omitted) ("It is unclear, however, whether plaintiff intended for his Amended Complaint to supercede or to supplement the original pleading. The Court construes plaintiff's pleadings broadly, and presumes that plaintiff did not abandon claims raised in the original complaint."). From the information contained within the three filings, the District discerns that the plaintiff is making a claim of assault and a violation of his civil rights pursuant to 42 U.S.C. 1983.

### *STANDARD OF REVIEW*

A motion to dismiss for failure to state a claim upon which relief should be granted is appropriate when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are

5

unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

On the other hand, summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has both the burden of demonstrating the absence of any material facts as well as the right to judgment as a matter of law, *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993), the movant is not obligated to present supporting evidence. Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id*.

By either burden of proof, the plaintiff's claims against MPD cannot stand. As such, the defendant is entitled to judgment as a matter of law on all of the allegations in all three Complaints.

## *ARGUMENT*

**I.    MPD IS NOT A SUABLE ENTITY.**

MPD is not an entity that can be sued. In fact, a suit against MPD must be dismissed because MPD is "*non sui juris*" and "is not an entity with the power to sue or be sued." *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 *10. Therefore, the proper party

to sue would be the District of Columbia and the case against MPD should be dismissed.[2]

## II. THE PLAINTIFF HAS NOT PROVIDED ANY PROOF THAT THE DEFENDANT WAS PROPERLY SERVED, IN ACCORDANCE WITH F.R.C.P. 4(j).

F.R.C.P. 4(j)(2) describes the proper manner of service of process on the District:

…Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

Notably, MPD is not a governmental organization that is "subject to suit." *See* Part I *supra*. Notwithstanding this fact, the plaintiff has not provided any proof to show that MPD, the named defendant, or even the District, was properly served. Specifically, the plaintiff's certificates of service, which state that he forwarded the documentation to the clerk's office to be sent to the "attorneys for the defendant," demonstrate that he has not properly served the defendant nor has he properly requested assistance from the Court to effectuate service on the defendant.

Even if the plaintiff could prove that he served the "attorneys for the defendant," such proof does not mean that he effectuated service consistent with F.R.C.P. 4. First, as MPD is not a suable entity, serving its attorneys does not effectuate proper service on it. Second, the plaintiff cannot argue that he properly served the District by serving the "attorneys for the defendant." If the District was a defendant, the plaintiff would have to demonstrate that he served the Mayor or that he followed local rules for service. In this case, the Mayor has not authorized any of his attorneys as designees for service of process. In fact, the Mayor has designated Tabatha Braxton and/or Gladys Herring to accept service of process on his behalf.

---

[2] In light of the plaintiff's failure to provide any proof of service on the defendant or the District or to provide notice pursuant to D.C. Code § 12-309, *see infra* Parts II and IV, the Court should not simply substitute the District for MPD.

7

November 9, 2005 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit A. Therefore, based on these facts, the Court cannot conclude that the defendant or the District was properly served.

**III. IN THE ALTERNATIVE, THE PLAINTIFF'S CLAIMS IN HIS FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS.**

The plaintiff's First Amended Complaint describes an incident occurring "in the year of August 7, 1995." (First Amended Complaint at 2.) It appears from this complaint that the plaintiff is using this incident to allege a violation of civil rights pursuant to 42 U.S.C. 1983. According to D.C. Code § 12-301, such a claim is time-barred, and therefore, must be dismissed.

According to the United States Supreme Court, a court should borrow the general or residual statute for personal injury actions when addressing a 42 U.S.C. 1983 claim. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). The purpose of adopting the residual statute of limitations is to make it predictable and easy for a plaintiff to determine the appropriate statute of limitations before filing a 42 U.S.C. 1983 claim. *Id.* at 248.

In the District, the residual statute of limitations for personal injury claims is three years, as is set forth in D.C. Code § 12-301(8). *See* D.C. Code § 12-301(8) ("Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues: … (8) for which a limitation is not otherwise specially prescribed -- 3 years"). According to the District of Columbia Circuit, "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [his] lawsuit.'" *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002) (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977). If a plaintiff fails to file his 42 U.S.C. 1983 claim within the three year period,

the plaintiff's claim must be dismissed.

A plaintiff does not have a "carte blanche to defer legal action indefinitely if [he] knows or should know that she may have suffered injury and that the defendant may have caused her harm." *Hendell v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997). Here, the First Amended Complaint describes an incident that allegedly occurred on August 7, 1995. The plaintiff clearly had sufficient notice of the District's alleged misconduct at that time. The plaintiff failed to file his complaint until April 24, 2006, almost *eleven years* after that incident. Therefore, his alleged constitutional claims described in the First Amended Complaint are barred by the three year statute of limitations. *See Hall,* 285 F.3d at 82.

The original Complaint and the second Amended Complaint fail to identify any dates on which the alleged incidents occurred and, therefore, do not comply with F.R.C.P. 8(a). *See* Part IV *infra.* The claims contained in these complaints may also be barred by the statute of limitations.

**IV.   ALL COMMON LAW CLAIMS AGAINST THE DISTRICT ARE BARRED UNDER D.C. CODE § 12-309.**

Despite the fact that the plaintiff failed to give a date for any of the incidents described in his complaints (save one), the plaintiff cannot state a common law claim against the District, because any such claim is barred by the notice provisions of D.C. Code § 12-309. Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District."* [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Here, the plaintiff has not satisfied the notice provisions of D.C. Code § 12-309. Upon information and belief, to date, the plaintiff has not filed any §12-309 notice relating to any of the incidents that could arguably fall within the 1-year or 3-year statute of limitations period. *See* Affidavits by Nadine Chandler Wilburn and Mia Powell Liley, attached hereto as Exhibit B.

Moreover, the plaintiff cannot argue that any of his complaints satisfy the § 12-309 notice requirement. In *Campbell v. District of Columbia*, 568 A.2d 1076 (D.C. 1990), the Court of Appeals addressed the issue of whether a complaint filed against the District within six months after the incident occurred satisfied the § 12-309 requirement. The *Campbell* Court confirmed that written notice is a condition that must precede the filing of a complaint:

> The explicit requirement of the [§ 12-309] statute that "the claimant . . . has given notice in writing," expressed in the perfect tense, makes it plain that notice must have been given before suit. Accordingly, in *Gwinn v. District of Columbia*, we stated:

10

> 'Notice under § 12-309 is a 'condition precedent' to filing a suit against the District. [internal citation omitted] Thus, unless timely notice is given, no 'right of action' or 'entitlement to maintain an action' accrues.'

*Id.* at 1078 (internal citations omitted). Since the plaintiff did not otherwise file proper § 12-309 notice before filing his original Complaint or any subsequent complaints, his common law claims against the District must be barred as a matter of law.

## V.     NONE OF THE COMPLAINTS SATISFY THE REQUIREMENTS OF F.R.C.P. 8(a).

Although the plaintiff's complaint is short, it does not include a "short and plain statement of the claim." Accordingly, it does not comply with F.R.C.P. 8(a). First, with the exception of the reference to August 7, 1995 in the First Amended Complaint, none of the complaints give a date or time for when the incidents allegedly occurred. Such facts could have significant implications for notice under D.C. Code § 12-309 and the statute of limitations. Nor does it provide any information as to the identity of any of the MPD officers (or a description of the officers) described in the Complaint. In fact, even after deciphering the plaintiff's handwriting as best as possible, it appears that the complaint fails to allege any specific acts or alleged misconduct by the police officers. In sum, the limited facts in the complaint do not give MPD (or the District) any notice of the claim. Therefore, the plaintiff's claim should be dismissed. Alternatively, the plaintiff should be required to supplement his complaint with additional facts.

WHEREFORE, the defendant respectfully requests that the Court dismiss all of the plaintiff's claims with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III


*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tyrone Hurt,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. 06-738 CKK |
| v. ) | |
| ) | |
| **Metropolitan Police Department,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

Comes now, the defendant, by and through undersigned counsel and pursuant to F.R.C.P. 56, and hereby submits the following statement of material facts as to which there is no genuine issue:

1. Mr. Hurt has not filed any document that satisfies the requirement of D.C. Code § 12-309. (Exhibit B.)

2. The certificate of service in the original Complaint reads that the plaintiff sent the complaint to the Clerk's office to be served upon the "attorneys for the defendants." (Complaint at 3.)

3. The certificate of service in the Second Amended Complaint reads that the plaintiff sent the complaint to the Clerk's office to be served upon the "attorneys for the defendants." (Second Amended Complaint at 3.)

4. The plaintiff has otherwise not provided any proof that MPD or the District was properly served. (Docket, generally.)

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III


*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tyrone Hurt,** )<br>)<br>**Plaintiff,** )<br>)     **Civil No. 06-738 CKK**<br>**v.** )<br>)<br>**Metropolitan Police Department,** )<br>)<br>**Defendant.** )<br>_____) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Upon consideration of the defendant's Motion to Dismiss, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 2006,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that the plaintiff's Complaint against MPD is DISMISSED WITH PREJUDICE.

_____
Judge Kollar-Kotelly

Copies to:

Dana K. DeLorenzo
Assistant Attorney General
441 4th Street, N.W. 6th Floor South
Washington, D.C. 20001

Tyrone Hurt
461 H Street, NW #517
Washington, DC 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tyrone Hurt,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 06-738 CKK** |
| **v.** ) | |
| ) | |
| **Metropolitan Police Department,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Upon consideration of the defendant's Motion for Summary Judgment, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 2005,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that the Plaintiff's Complaint against MPD is HEREBY DISMISSED WITH PREJUDICE.

_____
Judge Kollar-Kotelly

Copies to:

Dana K. DeLorenzo
Assistant Attorney General
441 4th Street, N.W. 6th Floor South
Washington, D.C. 20001

Tyrone Hurt
461 H Street, NW #517
Washington, DC 20001