United States District Court for the District of Columbia Wash, D.C. 20001

RECEIVED
JUL - 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tyrone Hunt
461 H St. N.W. #517
Wash, D.C. 20001
    Appellant

v.

Met. Police Squad Dept,
D.C. Gov't.
    Appellee

Civil Action No.
06-738-CKK

## Motion to Supplement and Additional Facts.

Comes now, Tyrone Hunt, the Appellant, and respectfully moves the Honorable U.S. District Court for the District of Columbia, to supplement and additional facts, for the following reasons:

1. The Plaintiff respectfully states that in support of supplement and additional facts in civil action No. 06-738-CKK, as stated, there is no statute of limitations, pursuant to Title 13, Section 309, D.C.C., which applies to the Superior Court of the D.C. in its three (3) year of statute of limitation applied to said Honorable Superior Court of the District of Columbia and not the U.S. District of Columbia for the District of Columbia. However, Summons was issued as to Mets Police Dept, 3rd District on 5/13/06 by the

U.S. District Court for the District of Columbia. Which is in violation of said Plaintiff's Fourth (4th) Amendment Right to the U.S. Constitution.

2. The Plaintiff respectfully states that while on his way to way to cash his SSI check at the check cashing store, where in the year of Aug. 7th, 1995, said Defendant showed said Defendant's his proper identification and was illegally stopped when said Plaintiff told said Defendants that he was on parole and on his way to a medical clinic at 1125 Spring Rd. N.W., N.W., where he received treatment for a so-call mental illness, which said of said violation states herein is in violation of said Plaintiff's Fifth (5th), Fourth (4th) Amendment Rights to the U.S. Constitution.

3. The Plaintiff respectfully states that the original complaint and all subsequently complaints do not have to comply with Federal rules 8(a), it the Federal rules of Civ. Proc., which erroneously are barred by statute of limitations because there is no statute of limitations in the U.S. District Court for the District of Columbia. Which is in violation of the Plaintiffs' eighth (8th) Amendment Right to the U.S. Constitution.

4. The Plaintiff respectfully states that said Defendants commented to said Plaintiff as to what he was doing released or not out knowing said Plaintiff told said Defendant that he was on parole and that why he was out. Which is in violation of the Plaintiffs Fourteenth (14th) Amendment Right to the U.S. Constitution.

### Memorandum of Law

1. See: Plaintiffs Original Complaint that has not been Doctored by said U.S. Dist. Court for the Dist. Court for the Dist. Dist. of Columbia (See: Civil Action No. 06-738-CKK)

### Relief

1. Plaintiff seeks an additional one (1) trillion dollars in punitive damages against said Defendants. And all other relief in the U.S. Dist. Court for the District Court for the D.C. (two)(2) trillion dollars in punitive damages against said Defendants.

### Affidavit of Poverty, Pursuant to Title 58 Section 1915, U.S.C.

I, Tyrone Hatty the Appellant, do respectfully state that because of my poverty, that I am able to pre-pay

the said costs or fees for the filing motion, that I am unable to give security for the same, that I believe that I am entitled to the redress that I now seek.

## Certification of Service

I, Tyrone Hunt, the Appellant, and respectfully states that I have upon this 17th Day of June, 06, have sent the foregoing motion, to the U.S. District Court for the Dist. of Columbia.

Respectfully Submitted,

Tyrone Hunt
(Plaintiff, Pro-se)