UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tyrone Hurt,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. 06-738 CKK |
| **v.** ) | |
| ) | |
| **Metropolitan Police Department,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION[1] TO ITS MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Defendant, Metropolitan Police Department ("MPD"), by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6) and 56, hereby submits this Reply to the plaintiff's Opposition to its Motion to Dismiss or, Alternatively, for Summary Judgment (and Supplement). In its Motion, the defendant argued 1) MPD is not a suable entity; 2) the plaintiff has not provided any proof of service on the defendant; 3) the plaintiff's First Amended Complaint is barred by the statute of limitations; 4) the plaintiff's common law claims must be dismissed because he has not provided notice consistent with D.C. Code § 12-309; and 5) the complaint does not comply with F.R.C.P. 8(a). In its Supplement, the defendant argued that the subsequent affidavit of service filed by the U.S. Marshal did not comply with F.R.C.P. 4 because there is nothing in the record to show that Secretary Holcome

---

[1] Since the defendant filed its Motion and Supplement, the plaintiff has filed a Motion to Supplement Additional Facts and a "Supplemental Information and Added Information to Complaint No. 06-738 CKK." In each of these filings, the plaintiff responds to arguments made by the defendant in its Motion to Dismiss, or Alternatively, for Summary Judgment and its Supplement to this Motion. Therefore, the defendant reads these documents together as an Opposition to its Motion.

1

was authorized to accept service for MPD, which is a *non sui juris* entity, or for the District of Columbia.

In his Motion to Supplement Additional Facts (hereinafter, "Opposition"), the plaintiff appears to argue that there is no statute of limitations pursuant to D.C. Code § 12-309. Opposition at ¶ 1. He also indicates that his numerous complaints do not have to comply with F.R.C.P. 8(a). Opposition at ¶ 3. Moreover, he argues that there is no statute of limitations in the United States District Court for the District of Columbia. Opposition at ¶ 3. In his Supplemental Information, the plaintiff seems to argue that the U.S. Marshal's failure to properly serve the defendant was essentially not his fault. *See* Supplemental Information at 2.

There is simply no legal authority for the plaintiff's conclusions that there is no statute of limitations in federal court, no statute of limitations on claims pursuant to D.C. Code § 12-309 and no requirement that his complaints comply with F.R.C.P. 8(a). Moreover, the plaintiff does not challenge the factual basis for any of the defendant's arguments. He does not appear to dispute the fact that the allegations in the First Amended Complaint stemmed from an incident that occurred on or around August 7, 1995, which is well beyond the statute of limitations. He does not dispute that service on the defendant was improper or that he failed to file notice pursuant to D.C. Code § 12-309. Most importantly, he does not contest the defendant's Statement of Undisputed Material Facts.

Therefore, in the absence of any proper service or notice pursuant to D.C. Code § 12-309, or any facts provided by the plaintiff that would warrant a tolling of the statute of limitations, the Court should, at a minimum: 1) dismiss the plaintiff's common law claims with prejudice for failure to comply with D.C. Code § 12-309; 2) dismiss the plaintiff's First Amended Complaint with prejudice, as the statute of limitations period has long expired; and 3) dismiss any remaining claims for failure to effect proper service on this defendant. However, the defendant submits that the

plaintiff has failed to rebut any of the District's other arguments and therefore, the remaining claims should also be dismissed with prejudice.

WHEREFORE, the defendant respectfully requests that the Court dismiss all of the plaintiff's claims with prejudice.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>*/s/ Holly M. Johnson /s/*
>HOLLY M. JOHNSON [476331]
>Section Chief
>General Litigation Section III
>
>*/s/ Dana K. DeLorenzo /s/*
>Dana K. DeLorenzo [468306]
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C. 20001
>(202) 724-6515
>(202) 727-3625 (fax)
>Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2006, a copy of the foregoing Reply was mailed postage prepaid to:

Tyrone Hurt
461 H Street, NW #517
Washington, DC 20001

>*/s/ Dana K. DeLorenzo /s/*
>Dana K. DeLorenzo
>Assistant Attorney General