UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tyrone Hurt, | : | |
|     Plaintiff, | : | |
| v. | : | Civil Action No. 06-0738 (CKK) |
| Metropolitan Police Department, | : | |
|     Defendant. | : | |

MEMORANDUM OPINION

In this action filed *pro se* on April 24, 2006, plaintiff alleges that unidentified officers of the District of Columbia Metropolitan Police Department ("MPD") stopped, searched and harassed him as he tried to cash his social security supplemental income check. In an amended complaint filed May 1, 2006 [Dkt. No. 4], plaintiff lists the date of the encounter as August 7, 1995. Asserting claims under the Constitution and common law, plaintiff seeks $2 trillion in damages.

The defendant, MPD, moves to dismiss or for summary judgment on several grounds. It rightly asserts that the MPD is not an entity that may be sued separately from the District of Columbia. *See McRae v. Olive*, 368 F. Supp.2d 91, 94 -95 (D.D.C. 2005); *Braxton v. National Capital Housing Auth.*, 396 A.2d 215, 216 (D.C. 1978). The complaint against the MPD therefore is dismissed. Substituting the District of Columbia as the real party in interest, the Court determines that the claims are barred by the statute of limitations. It therefore will grant defendant's motion to dismiss based on this asserted ground.[1]

---

[1] Defendant also seeks dismissal on the ground, among others, that plaintiff has not provided proof of proper service. Plaintiff has been permitted to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(d), the court officers are responsible for effecting service of process. Thus, the Court will not penalize plaintiff for acts or omissions that are seemingly beyond his control.

Plaintiff's constitutional claims are properly brought under 42 U.S.C. § 1983. This federal provision does not include a statute of limitations. The Court therefore must apply "the most appropriate or analogous state statute of limitations," *Jones v. R.R. Donnelley & Sons Company*, 541 U.S. 369, 371 (2004), which defendant has identified rightly as the District of Columbia's catchall three-year provision. *See* D.C. Code § 12-301(8) (applicable to claims "for which a limitation is not otherwise specially prescribed"). Plaintiff, a District of Columbia parolee, initiated this action nearly 11 years after the alleged event forming the basis of the complaint. He does not provide a basis for tolling the statute of limitations. *See* D.C. Code § 12-302(a) ("[W]hen a person entitled to maintain an action is, at the time the right of action accrues: (1) under 18 years of age; or (2) non compos mentis; or (3) imprisoned -- he . . . may bring [the] action within the time limited after the disability is removed."). The complaint therefore is dismissed as time barred   A separate Order accompanies this Memorandum Opinion.

                 _____s/_____
                 COLLEEN KOLLAR-KOTELLY
                 United States District Judge

Date: November 29, 2006